IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-01888-MEH

JASON YARBOROUGH,

    Plaintiff,

v.

KILOLO KIJAKAZI, Acting Commissioner of Social Security,

    Defendant.

## ORDER

**Michael E. Hegarty, United States Magistrate Judge**.

    Plaintiff Jason Yarborough appeals from the Social Security Administration ("SSA") Commissioner's final decision finding his disability ended on August 9, 2019, and that he has not become disabled again since that date. Jurisdiction is proper under 42 U.S.C. § 405(g).

    The parties have not requested oral argument, and the Court finds it would not materially assist in the appeal's determination. For the following reasons, the Commissioner's decision is reversed and remanded.

## BACKGROUND

    In an initial decision dated December 19, 2014, the Plaintiff was found disabled beginning on May 14, 2013, and the Commissioner approved his application for SSDI and SSI. Administrative Record ("R.") at 96. The 2014 determination only found two severe impairments: obesity and degenerative disc disease of the lumbar spine.[1] 20 CFR §§ 404.1520(c) and 416.920(c),

---

[1] The ALJ found the claimant's anxiety, depression, and drug/alcohol abuse was not severe, and further, that the claimant had the following degree of limitation in the broad areas of functioning

but found he did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926. R. 102.  The ALJ further found, and the Appeals Council affirmed, that "[m]edical improvement is expected with appropriate treatment. Consequently, a continuing disability review is recommended in 12 months." R. 106.

Upon continuing disability review (CDR) by a State agency doctor, the agency found that the evidence after Plaintiff's disability began showed that his conditions had improved to the point where he no longer met the criteria for disability as of August 9, 2019. R. 15, 107-26, 130-32. Subsequent reconsideration by the State agency and a Disability Hearing Officer found that the initial decision should be upheld. R. 15, 127, 135-58. Upon Plaintiff's request for a hearing before an Administrative Law Judge ("the ALJ"), on September 22, 2021 the ALJ held a hearing, R. 15, 36-78, after which he rendered a decision that Plaintiff had experienced medical improvement, and his disability had ended under Section 223(f) of the Social Security Act as of August 9, 2021.  R. 15-29.  The Appeals Council denied Plaintiff's request for review of the ALJ's decision, R. 1-5, making the ALJ's decision final for purposes of judicial review. *See* 20 C.F.R. § 404.981.

On July 29, 2022, Plaintiff filed suit in this Court, seeking review and reversal, or remand, of the ALJ's disability cessation decision.  ECF 1. The matter is fully briefed and ready for a decision.

---

set out in the disability regulations for evaluating mental disorders and in the mental disorders listings: mild restriction in activities of daily living; mild difficulties in maintaining social functioning; mild difficulties in maintaining concentration, persistence or pace; and no episodes of decompensation each, of extended duration. R. 102-103.

## LEGAL STANDARDS

### SSA's Eight-Step Process for Determining Disability

The SSA has developed an eight-step, sequential test for determining whether the termination of disability benefits is appropriate in CDR cases. See 20 C.F.R. §§ 404.1594(f) (setting forth the steps for DIB) and 416.994(b)(5) (setting forth the steps for SSI). The tests are "virtually identical," *Newbold v. Colvin*, 718 F.3d 1257, 1261 n.2 (10th Cir. 2013), except that the first step of the DIB evaluation—which asks whether a claimant is currently engaged in substantial gainful activity—is not part of the SSI evaluation. Compare 20 C.F.R. § 404.1594(f) with 20 C.F.R. § 416.994(b)(5). The remaining shared steps are as follows:

(1) Does the claimant have an impairment or combination of impairments which meets or equals the severity of a listed impairment?

(2) If not, has there been medical improvement as defined by 20 C.F.R. § 404.1594(b)(1)?

(3) If there has been medical improvement, does the improvement relate to the claimant's ability to do work, i.e., has there been an increase in the claimant's RFC based on the impairment(s) present on the date of the most recent favorable medical determination?

(4) If there has been no medical improvement, or if such improvement is not related to claimant's ability to work, do any of the exceptions to medical improvement apply? See 20 C.F.R. §§ 404.1594(d)-(e) (list of potential exceptions).

(5) If there is medical improvement related to the claimant's ability to work, are the claimant's current impairments severe when considered in combination?

(6) If the claimant's impairments are severe, does the claimant retain the ability to perform his or her past relevant work?

(7) If the claimant's impairments are severe and the claimant cannot perform his or her past relevant work, does the claimant nevertheless possess the RFC to perform other work?

*See* 20 C.F.R. § 404.1594(f). The burden of proof is on the Commissioner to show medical improvement "by establishing that the claimant's medical condition has improved, the

improvement is related to the claimant's ability to work, and the claimant is currently able to engage in substantial gainful activity." *Knapp v. Barnhart*, 68 F. App'x 951, 952 (10th Cir. 2003) (citing *Glenn v Shalala*, 21 F.3d 983, 987 (10th Cir. 1994)). Decisions in CDR cases are "made on a neutral basis without any initial inference as to the presence or absence of disability being drawn from the fact that [a claimant has] previously been determined to be disabled." 20 C.F.R. § 404.1594(b)(6).

## Standard of Review

This Court's review is limited to whether the final decision is supported by substantial evidence in the record as a whole and whether the ALJ applied the correct legal standards. *See Williamson v. Barnhart*, 350 F.3d 1097, 1098 (10th Cir. 2003); *see also White v. Barnhart*, 287 F.3d 903, 905 (10th Cir. 2001). Thus, the function of the Court's review is "to determine whether the findings of fact . . . are based upon substantial evidence and inferences reasonably drawn therefrom. If they are so supported, they are conclusive upon the reviewing court and may not be disturbed." *Trujillo v. Richardson*, 429 F.2d 1149, 1150 (10th Cir. 1970); *Bradley v. Califano*, 573 F.2d 28, 31 (10th Cir. 1978). "Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005). The Court may not reweigh the evidence nor substitute its judgment for that of the ALJ. *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (citing *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991)). However, reversal may be appropriate when the ALJ either applies an incorrect legal standard or fails to demonstrate reliance on the correct legal standards. *See Bryant v. Commissioner, SSA*, 753 F. App'x 637, 639-40 (10th Cir. 2018).

## ALJ'S RULING

At the outset, I note that Plaintiff was 29 years old on his initial disability onset date (May 4, 2013). R. 220, 256. He was 36 years old on his date of medical improvement (August 9, 2019) R. 136-58, and he was 38 years old on the date of the ALJ's decision at issue in this case (November 12, 2021). R. 27-29, 220, 256. He had at least a high school education and worked as television cable installer, lumber grader, telephone sales representative, and telephone clerk supervisor prior to his May 2013 initial disability date. R. 93, 322. Plaintiff alleged that he continued to be disabled due to post-traumatic stress disorder (PTSD), a traumatic brain injury, and lumbar degenerative disc disease with associated bilateral radiculopathy. R. 251.

At step one, the ALJ ruled that Plaintiff had not engaged in substantial gainful activity since the cessation date. R. 17. In his CDR decision, The ALJ found that Plaintiff continued to have severe impairments, including degenerative disc disease of the lumbar and cervical spine, status-post traumatic brain injury, depression, and PTSD. R. 17. The ALJ found that Plaintiff did not meet or medically equal any of the listed (per se disabling) impairments found in Appendix 1 of the regulations, 20 C.F.R. Pt. 404, Subpt. P, App'x 1 § 1.00 *et seq.* R. 17-19. Next, the ALJ found that Plaintiff had experienced medical improvement by August 9, 2019, and could now perform sedentary work as it is defined in the regulations (20 C.F.R. § 404.1567(a)), with additional restrictions specifically tailored to Plaintiff's limitations from impairments and related symptoms.[2] At step seven of the CDR evaluation, the ALJ found that Plaintiff could not perform

---

[2] These include: using a cane for ambulation, never climbing ladders, ropes, or scaffolds, only occasionally balancing, stooping, kneeling, crouching, crawling, climbing ramps, or climbing stairs, no exposure to hazards, including unprotected heights understanding, remembering, carrying out, maintaining attention and concentration on no more than simple tasks and instructions, sustaining only ordinary routines and making no more than simple work-related decisions tolerating no more than occasional interaction with coworkers and supervisors, an no interaction with the general public. R. 21.

his past relevant work. R. 27. At step eight of the CDR evaluation, relying—in part—on vocational expert testimony, R. 71-77, the ALJ found that Plaintiff was not disabled within the meaning of the Act because a person of his age, education, and work experience, with the above-described residual functional capacity (RFC) limitations, he could perform jobs existing in significant numbers in the national economy. R. 27-29.

## ISSUES ON APPEAL

On appeal, Plaintiff presents the following arguments: 1) the ALJ erred in not determining whether Plaintiff met or equaled the applicable listing for traumatic brain injury, Listing 11.18, despite finding Plaintiff had a traumatic brain injury; 2) the ALJ failed to following applicable regulations regarding agency evaluators; and 3) the ALJ failed to analyze the concept of "improvement."

## ANALYSIS

In *Byron v. Heckler*, 742 F.2d 1232 (10th Cir. 1984), the Tenth Circuit reversed and remanded the appeal to the Secretary, on the grounds the Appeals Council erroneously ignored the requirement that in order to terminate benefits, there must be evidence of improvement, the analysis of which requires an evaluation of the evidence for the *original* finding of disability.

> Here, the Administrative Law Judge may have applied the correct legal standard. At least he found that appellant had not improved to the point that he could engage in substantial gainful activity. The Appeals Council reversed and made no finding whatsoever as to whether the appellant had improved. The Appeals Council ignored the requirement that in order to terminate benefits, there must be evidence of improvement. The Appeals Council focused only on current evidence of whether appellant was disabled. In order for evidence of improvement to be present, there must also be an evaluation of the medical evidence for the original finding of disability. "Without such a comparison, no adequate finding of improvement could be rendered." *Vaughn v. Heckler*, 727 F.2d 1040 (11th Cir.1984). *This failure to apply the correct legal standard is, by itself, sufficient to command reversal in the case. Id.*

*Id.* at 1236 (emphasis added).  The Court also noted that its review of the record indicated that even had the Appeals Council applied the correct standard, it is "highly doubtful that there would be substantial evidence in the record to support a finding that appellant's condition had improved to the requisite extent." *Id.*  Here, there is evidence that Plaintiff's more recent MRIs indicate spinal stenosis, R. 489, while the original determination of disability did not mention spinal stenosis. This may suggest lack of improvement.

Additionally, in *Fischer-Ross v. Barnhart*, 431 F.3d 729 (10th Cir. 2005) the Tenth Circuit reversed the district court thereby affirming the underlying administrative determination, and in so doing, critiqued the claimant's failure to meet her burden to *present evidence* establishing her impairments meet or equal listed impairments at Step Three.  The court emphasized:

> This is *not* to say a claimant has the burden at step three of *actually identifying any relevant listing*. In *Clifton,* we appeared to *place the burden on the ALJ to identify any relevant listing(s) in light of the evidence which a claimant has produced. Clifton,* 79 F.3d at 1009 (noting the ALJ did not "even identify" the relevant listing(s)); *see also Burnett,* 220 F.3d at 120 n. 2 (discussing reasons for relieving a claimant of the burden of specifically identifying relevant listings).

*Id*. at 733, n.3 (emphasis added).

Relying on these principles, the Court finds the ALJ erred when he failed to consider and evaluate the listing for traumatic brain injury (Listing 11.18),[3] even though the ALJ acknowledged that Plaintiff suffered from a traumatic brain injury.  This evidences the ALJ used an incorrect legal standard.  Furthermore, the ALJ failed to appropriately analyze whether Plaintiff's conditions had improved by comparing the conditions of evidenced when Plaintiff's initial disability determination was rendered in 2013-2014 with the Plaintiff's conditions in 2019-2021.  This, too,

---

[3] The ALJ only considered Listings 1.15 (disorders of the spine resulting in compromise of a nerve root), 1.16 (lumbar spinal stenosis), 12.02 (neurocognitive disorders), 12.04 (depressive, bipolar and related disorders) and 12.15 (trauma and stressor-related disorders). R. 17.

is a failure to apply the correct legal standard. Accordingly, the Court remands the case to the Commissioner for additional proceedings.

## CONCLUSION

The Court addresses only so much of Plaintiff's arguments as are sufficient to require reversal. *See Cross v. Colvin*, 25 F. Supp. 2d 1345, 1348 *2 n. 1 (D. Colo. 2014). The Court expresses no opinion as to the Plaintiff's remaining arguments, and neither party should take the Court's silence as implied approval or disapproval of the arguments. *See Watkins*, 350 F.3d at 1299 ("We will not reach the remaining issues raised by appellant because they may be affected by the [administrative law judge's] treatment of the case on remand."). The Court also does not suggest a result that should be reached on remand; rather, the Court encourages the parties and the ALJ on remand to consider fully and anew the evidence and all issues raised. *See Kepler v. Chater,* 68 F.3d 387, 391-92 (10th Cir. 1995) ("We do not dictate any result [by remanding the case]. Our remand simply assures that the correct legal standards are invoked in reaching a decision based on the facts of the case.") (citation and quotation marks omitted).

Therefore, the decision of the ALJ that Plaintiff was not disabled as of August 9, 2019 is REVERSED AND REMANDED for further review and explanation.

Dated at Denver, Colorado this 14th day of April, 2023.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

8